# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IRONSHORE SPECIALTY INSURANCE COMPANY and COLUMBIA CASUALTY COMPANY §
§
v. §
§ CIVIL ACTION NO. 3:25-CV-3020-S
CANTEX CONTINUING CARE NETWORK, LLC §

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Cantex Continuing Care Network, LLC's Motion to Dismiss Plaintiff Ironshore Specialty Insurance Company's First Amended Complaint ("First Motion") [ECF No. 36] and Motion to Dismiss Columbia Casualty Company's Original Complaint in Intervention ("Second Motion") [ECF No. 60] (together, "Motions"). The Court has reviewed the Motions, Cantex's Brief in Support of the First Motion ("Cantex's First Brief") [ECF No. 37], Ironshore's Brief in Opposition to the First Motion ("Ironshore's Response") [ECF No. 42], Cantex's Reply in Support of the First Motion ("Cantex's First Reply") [ECF No. 46], Cantex's Brief in Support of the Second Motion [ECF No. 61], Columbia's Response to the Second Motion ("Columbia's Response") [ECF No. 63], Cantex's Reply in Further Support of the Second Motion ("Cantex's Second Reply") [ECF No. 65], Ironshore's First Amended Complaint ("Ironshore's Amended Complaint") [ECF No. 22], Columbia's Original Complaint in Intervention ("Columbia's Complaint") [ECF No. 54], Ironshore's Notice of Supplemental Authority in Opposition to the First Motion ("Notice of Supplemental Authority") [ECF No. 66], and the applicable law. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motions.

## I. BACKGROUND

### *A. The Insurance Policies*

This action arises from an insurance coverage dispute. Intervenor-Plaintiff Columbia Casualty Company issued two relevant insurance policies to Defendant Cantex Continuing Care Network, LLC: (1) an underlying primary policy and (2) an umbrella policy for the period of December 2021 through December 2022, which provided coverage for damages exceeding the limits of an underlying primary policy. Columbia's Compl. ¶¶ 2, 19, 21-22. Columbia's umbrella policy included a pandemic claim exclusion that bars coverage for any claim arising out of or related to a communicable disease. *Id.* ¶¶ 24-27.

Plaintiff Ironshore Specialty Insurance Company issued an excess insurance policy to Cantex that follows form to Columbia's primary policy. Ironshore's Am. Compl. ¶ 3. Ironshore's policy included, among other provisions, notice requirements, a class action exclusion, and an infectious disease exclusion. *Id.* ¶¶ 42, 44-46.

### *B. Underlying State Court Proceedings*

Cantex and some of its affiliates are defendants in eight wrongful death lawsuits filed in New Mexico state court in September 2022. *Id.* ¶¶ 49-51, 57; Cantex's First Br. 1. Estate representatives brought these lawsuits on behalf of eight decedents who were former residents of a Cantex-affiliated nursing care facility in New Mexico and who died from complications related to COVID-19. Ironshore's Am. Compl. ¶¶ 49-55; Cantex's First Br. 1. The New Mexico plaintiffs ultimately agreed to resolve their claims through a joint arbitration. Ironshore's Am. Compl. ¶ 58. In October 2025, the arbitration panel awarded damages to all eight plaintiffs from three entities:

(1) Cantex Health Care Centers II, LLC; (2) Farmington Health Care Center, Ltd. Co. d/b/a Cedar Ridge Inn (the nursing care facility);[1] and (3) Cantex itself. *Id.* ¶ 59; Columbia's Resp. 2.

In early December 2025, the New Mexico plaintiffs agreed to consolidate all eight lawsuits into a single lead case, the Lewis Action. Cantex's First Reply 4. In March 2026, the New Mexico court entered an order consolidating all eight lawsuits into the Lewis Action. Cantex's First Reply 4; Ironshore's Resp. 8. Two months later, the New Mexico court issued a judgment confirming the arbitration award in favor of the New Mexico plaintiffs. Columbia's Resp. 2; Notice of Suppl. Authority, Ex. A, at 1-2.

On December 10, 2025, Cantex and its affiliates filed a third-party complaint against Ironshore and Columbia in the Lewis Action ("New Mexico Lawsuit"). Cantex's First Reply 4; Cantex's App. to First Mot. ("Cantex's First Appendix") [ECF No. 38] Ex. L, at 95-96; Ironshore's Resp. 6-7. This third-party complaint seeks a declaratory judgment on "whether Third-Party Defendants . . . are obligated to indemnify Third-Party Plaintiffs for their losses sustained from the underlying lawsuits" and to provide coverage "for all prior judgments." Cantex's First App., Ex. L, at 99, 101. The third-party complaint also includes a breach of contract claim. *Id.* at 100.

In July 2026, the New Mexico plaintiffs settled and fully released the judgment and all other claims against the New Mexico defendants. Notice of Suppl. Authority, Ex. A, at 2. However, the release expressly stated that it did not concern the claims raised in the third-party complaint against Ironshore and Columbia. *Id.*

---

[1] Cantex Health Care Centers II, LLC, is a named insured on Columbia's primary policy. *See* Columbia's Compl. ¶ 19. Additionally, according to a letter Columbia sent to Cantex, Farmington Health Care Center, Ltd. Co. d/b/a Cedar Ridge Inn is not a named insured on Columbia's policy but is "an Insured Location pursuant to documentation Cantex has provided to Columbia." App. to Columbia's Compl. [ECF No. 54] 107-08.

### *C. The Instant Lawsuit*

On November 5, 2025, one month before Cantex and its affiliates filed their third-party complaint in the New Mexico Lawsuit, Ironshore filed the instant declaratory judgment action. *See* Compl. for Declaratory J. [ECF No. 1]. Columbia later intervened. *See* Columbia's Compl. Ironshore and Columbia both seek judicial determinations that there is no coverage for the New Mexico cases or the arbitration award under their respective policies. Ironshore's Am. Compl. ¶¶ 66, 75, 86, 93-97; Columbia's Compl. ¶¶ 58, 69, 77. Cantex moved to dismiss both complaints in light of the currently pending declaratory judgment action in the New Mexico Lawsuit.

## II. LEGAL STANDARD

"Federal courts have broad discretion to grant or refuse declaratory judgment." *Evanston Ins. Co. v. Tonmar, L.P.*, 669 F. Supp. 2d 725, 732 (N.D. Tex. 2009) (citing *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991)). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The Act "gives federal courts the competence to declare rights, but it does not impose a duty to do so." *Evanston Ins.*, 669 F. Supp. 2d at 732 (citing *Pub. Affs. Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962)). Although "the district court's discretion is broad, it is not unfettered." *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993). The court cannot dismiss a declaratory judgment action "on the basis of whim or personal disinclination." *Id.* (quoting *Rowan Cos. v. Griffin*, 876 F.2d 26, 28-29 (5th Cir. 1989)).

When determining whether to abstain from or adjudicate a declaratory judgment action, the court "must determine: (1) whether the declaratory action is justiciable; (2) whether the court

has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003).

## III. ANALYSIS

While the parties primarily dispute the third factor—whether the Court should exercise its discretion in light of the pending state court proceeding in New Mexico—the Court briefly addresses justiciability and its authority to grant declaratory relief as well.

### *A. Justiciability*

A declaratory judgment action is justiciable "only where an 'actual controversy' exists." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000) (citing, among other sources, 28 U.S.C. § 2201(a)). Generally, "an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests.'" *Id.* (citation omitted). Here, the parties' dispute presents an actual controversy over whether Ironshore and Columbia must provide Cantex with insurance coverage for the New Mexico state court cases and the arbitration award. Thus, this declaratory judgment action is justiciable.

### *B. Authority*

Because the Court has diversity jurisdiction,[2] it has the authority to adjudicate this declaratory judgment action and grant appropriate relief. *See Sherwin-Williams Co.*, 343 F.3d at 387-88 (holding that a district court properly concluded that it had authority to decide a declaratory judgment suit where there was diversity jurisdiction). Further, the Anti-Injunction Act

---

[2] Columbia pleads complete diversity of citizenship. Columbia alleges that Ironshore is a citizen of Arizona and Massachusetts; Columbia is a citizen of Illinois; and Cantex is a citizen of Texas, Delaware, New York, and Canada. Columbia's Compl. ¶¶ 8-15. Further, Ironshore and Columbia both allege that the amount in controversy exceeds $75,000. *Id.* ¶¶ 7, 16; Ironshore's Am. Compl. ¶¶ 12, 20. Thus, the Court has diversity jurisdiction.

does not apply because Cantex filed its third-party complaint in state court ***after*** Ironshore filed suit in this Court.[3]

### *C. Discretion*

When considering whether to dismiss or stay a declaratory judgment action while parallel state court proceedings are pending, a district court "should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). This analysis is grounded in three overarching principles—federalism, fairness, and efficiency—and guided by several nonexclusive factors. *See Sherwin-Williams Co.*, 343 F.3d at 390-92 (interpreting factors set out in *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994)). The relevant factors are:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
>
> (5) whether the federal court is a convenient forum for the parties and the witnesses;
>
> (6) whether retaining the lawsuit would serve the purposes of judicial economy; and

---

[3] "[A] district court does not have authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under [28 U.S.C. §] 2283," the Anti-Injunction Act. *Sherwin-Williams*, 343 F.3d at 388 n.1 (citing *Travelers Ins. Co.*, 996 F.2d at 776). Here, mandatory abstention does not apply because the first factor is not met. Cantex filed its third-party complaint in state court ***after*** Ironshore first filed suit in this Court. *See, e.g.*, *Cont'l Ins. Co. v. Gifford-Hill & Co.*, No. 3:12-CV-0925-D, 2013 WL 1875930, at *2 n.6 (N.D. Tex. May 6, 2013). "The absence of any of the three factors defeats mandatory abstention[.]" *Smith v. McLean*, No. 4:10-CV-00792, 2011 WL 2792387, at *5 (S.D. Tex. July 14, 2011) (quoting *Sealed v. Sealed*, 33 F.3d 1379, 1994 WL 487245, at *2 (5th Cir. Apr. 18, 1994)).

> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* at 388 (citing *Trejo*, 39 F.3d at 590-91). Overall, these factors weigh in favor of abstention.

*i. Federalism Factors*

The first and seventh *Trejo* factors implicate the issues of federalism and comity. *Id.* at 391-92. As to the first factor, the Court concludes that a state court action—the New Mexico Lawsuit—is pending in which the parties may fully litigate all matters presented in this declaratory judgment action. The New Mexico Lawsuit arises from the same underlying facts and the same insurance policies. All parties to this suit are also parties to the New Mexico Lawsuit.[4] Moreover, the New Mexico Lawsuit includes the two additional insured entities subject to the arbitration award. *See* Cantex's First Br. 2; Columbia's Compl. ¶ 19; App. to Columbia's Compl. 107-08; Cantex's First App., Ex. L, at 95-96. Thus, the first *Trejo* factor weighs strongly in favor of staying this case. The seventh factor is either neutral or weighs slightly against abstention, as the Court is not being called on to construe a state judicial decree in this case.

Additionally, there are no federal law issues in the present suit. Ironshore's and Columbia's Complaints seek declaratory judgments on whether they are obligated to provide insurance to Cantex for the New Mexico state court cases and the arbitration award. *See* Ironshore's Am. Compl. ¶¶ 66, 75, 86, 93-97; Columbia's Compl. ¶¶ 58, 69, 77. The third-party complaint in the

---

[4] Columbia argues that the New Mexico Lawsuit is not a proper forum to resolve its coverage obligations due to a legal action limitation in its insurance policy. Columbia's Resp. 7. The legal action limitation prohibits a claimant or insured from joining Columbia "in any action against the Insured ***to determine the Insured's liability***." *Id.* (emphasis added). However, the arbitration panel had already issued its award when Cantex and its affiliates filed their third-party complaint against Columbia in the New Mexico Lawsuit, thereby resolving the question of liability. *See* Columbia's Compl. ¶ 41; *see also* Cantex's Second Reply 4. In addition, in July 2026, the underlying plaintiffs in the New Mexico Lawsuit settled and released their judgment against Cantex and the other state court defendants. Notice of Suppl. Authority 1-2. The only claims that survive are those in the third-party complaint against the insurers. *Id.* Thus, the Court is not convinced that the legal action limitation applies under these circumstances.

New Mexico Lawsuit seeks a declaratory judgment on the same issues—i.e., "whether Third-Party Defendants . . . are obligated to indemnify Third-Party Plaintiffs for their losses sustained from the underlying lawsuits" and provide coverage "for all prior judgments." Cantex's First App., Ex. L, at 99, 101. Although the New Mexico Lawsuit involves additional claims and parties, "all of the material questions necessary to decide the issues raised in this declaratory judgment action are governed by state law and can be resolved in the state court action." *Koch Project Sols., LLC v. All. Process Partners, LLC*, No. H-20-3479, 2021 WL 231313, at *12 (S.D. Tex. Jan. 22, 2021), *aff'd*, No. 21-20093, 2022 WL 16858861 (5th Cir. Nov. 11, 2022). Therefore, the principles of federalism and comity weigh strongly in favor of staying this action. *See Brillhart*, 316 U.S. at 495 ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."); *see also Sherwin-Williams*, 343 F.3d at 390-91 ("[I]f the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." (citation omitted)).

*ii. Fairness Factors*

When assessing the fairness consideration, courts analyze whether the plaintiff in the federal declaratory judgment action seeks to "us[e] the declaratory judgment process to gain access to a federal forum on improper or unfair grounds." *Sherwin-Williams*, 343 F.3d at 391. The second, third, and fourth *Trejo* factors that relate to this inquiry are: whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; whether the plaintiff engaged in forum shopping in bringing the suit; and whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist. *Id.* at 388, 391. "Merely filing a declaratory

judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'" *Id.* at 391.

The Court finds that the fairness factors are neutral. Cantex does not argue or present evidence that Ironshore and Columbia sued in anticipation of a lawsuit. At the time Ironshore filed suit in this Court, Cantex and its affiliates had not yet filed their third-party complaint in New Mexico. Although the underlying wrongful death cases were pending in New Mexico, Texas was not an unreasonable forum for Ironshore and Columbia to bring a declaratory judgment action. Cantex's principal place of business is in Texas, and the insurance policies were delivered in Texas. Ironshore's Am. Compl. ¶¶ 21-22; Columbia's Resp. 10. Thus, the Court finds no evidence of improper forum shopping. Likewise, the Court finds no significant evidence of inequities in allowing Ironshore and Columbia to gain precedence in time or change forums. Thus, the fairness factors are neutral.

*iii. Efficiency Factors*

The fifth and sixth *Trejo* factors address efficiency concerns. *Sherwin-Williams*, 343 F.3d at 392. As to the fifth factor, Cantex does not object on convenience grounds. *See* Cantex's First Br. 8. This forum is not inconvenient because Cantex's principal place of business is in Texas, the insurance policies were delivered in Texas, and it is unlikely that the parties will use witnesses from the New Mexico state court cases in this dispute involving interpretation of insurance policies. Therefore, the fifth factor is either neutral or weighs slightly against abstention.

However, the sixth factor—whether retaining the lawsuit would serve the purposes of judicial economy—weighs strongly in favor of abstention. The Court finds that it would be "a waste of judicial resources to litigate a federal declaratory judgment action involving only issues

of state law that are already being litigated in the [New Mexico] Lawsuit." *Evanston Ins.*, 669 F. Supp. 2d at 734. Therefore, the efficiency factors overall weigh in favor of abstention.

* * *

After weighing federalism, fairness, and efficiency, and applying the *Trejo* factors, the Court finds that the New Mexico state court is the more appropriate forum for resolving this dispute. Although Cantex has moved to dismiss, the Court concludes that a stay, rather than a dismissal, is the appropriate course. *See Wilton*, 515 U.S. at 288 n.2 ("[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." (citation omitted)).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant Cantex Continuing Care Network, LLC's Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 36] and Motion to Dismiss Columbia Casualty Company's Original Complaint in Intervention [ECF No. 60]. The Court **GRANTS** the Motions to the extent Cantex asks the Court to abstain from this declaratory judgment action. The Court **DENIES** the Motions to the extent Cantex asks the Court to dismiss this lawsuit. Instead of dismissal, this case is **STAYED** and **ADMINISTRATIVELY CLOSED** without prejudice to it being reopened upon a motion by any party or to enter a judgment.

**SO ORDERED.**

SIGNED October 7, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**